UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN ANTONIO AGUILAR HERRERA,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. C26-1684-MLP

ORDER

Petitioner Juan Antonio Aguilar Herrera has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging as unlawful his detention by the United States Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). (Dkt. # 1.) Respondents filed a return (dkt. # 6), supported by the declarations of their counsel, Michelle R. Lambert (dkt. # 8), and ICE Deportation Officer Ian Bloom (dkt. # 7). Petitioner filed a reply. (Dkt. # 9.) Having considered the parties' submissions and the governing law, the Court DENIES the petition (dkt. # 1). [1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 4.)

ORDER - 1

## I.    BACKGROUND

Petitioner, a citizen and national of Peru, entered the United States in June 2019 on a B1/B2 visitor's visa and overstayed his authorization period. (Dkt. # 1, ¶¶ 21-22; Bloom Decl., ¶ 3.) In the years since, he has raised a family and found steady employment. (Dkt. # 1, ¶ 23.)

Around 7:25 a.m. on January 12, 2026, a multi-agency arrest team stopped Petitioner's vehicle in Issaquah, Washington, broke his window after he did not comply with their commands, and arrested him. (Dkt. # 1-1 at 2; *see also* dkt. # 1, ¶¶ 24-25; Bloom Decl., ¶ 4.) Petitioner was transported to the Seattle Field Office. (Dkt. # 1-1 at 3-4.) In Seattle, Petitioner was served with an administrative Warrant for Arrest and a Notice to Appear ("NTA"). (Lambert Decl., Exs. A, C.) A deportation officer made a custody determination that Petitioner would be detained at the NWIPC. (Dkt. # 1-1 at 4.) The NTA lists Petitioner's current residence as the address for NWIPC. (*Id.*, Ex. C.)

At a bond hearing on February 11, 2026, an immigration judge denied Petitioner's request for a change in custody status on the grounds that he was a flight risk. (Lambert Decl., Ex. D.) On March 3, 2026, Petitioner filed a motion for a subsequent bond hearing, which was denied on March 4, 2026, because he had not alleged a change in circumstances since the February 11, 2026 bond hearing. (*Id.*, Ex. E.)

Petitioner asserts he filed an application for asylum and withholding of removal, which is currently pending before the Board of Immigration Appeals. (Dkt. # 1, ¶ 26.)

## II.    DISCUSSION

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain

ORDER - 2

relief by showing that she is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner argues that the government violated 8 U.S.C. § 1226(a), its accompanying regulations, and the Due Process Clause of the Fifth Amendment by failing to obtain a warrant prior to his arrest, thereby rendering his current detention unlawful. (Dkt. # 1, ¶ 31; *see also* dkt. # 9 at 2 ("the government must first obtain an arrest warrant").) Respondents argue that Petitioner is lawfully detained "pursuant to an administrative warrant for arrest" under 8 U.S.C. § 1226(a), which, together with its implementing regulations, satisfies due process. (Dkt. # 6 at 2.) They further argue that the government is not required to obtain or show Petitioner a warrant prior to arrest and, in any case, the remedy would not be release. (*Id.* at 8.)

Assuming that Petitioner's arrest was unlawful because the warrant was issued a few hours after the arrest, he is not entitled to habeas relief. "The remedy for an unlawful arrest"— even one that violates the Constitution—"is suppression of evidence, not release from custody." *Reyes v. Hermosilla*, 2026 WL 528692, at *2 (W.D. Wash. Jan. 15, 2026), report and recommendation adopted, 2026 WL 525103 (W.D. Wash. Feb. 25, 2026); *see also Garcia Gabriel v. Hermosillo*, 2026 WL 194233, at *5 (W.D. Wash. Jan. 26, 2026) ("[E]ven if Petitioner's arrest amounts to a Fourth Amendment violation, he is not entitled to habeas relief on that basis."). This is because the "'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); *but see Martinez-Medina v. Holder*, 673 F.3d 1029, 1033-34 (9th Cir. 2011) ("An exception to this rule exists where the Fourth Amendment violation is

ORDER - 3

egregious."). As the Ninth Circuit has recognized, the Supreme Court "declined to hold that the consequences of an illegal arrest, search, or interrogation is to let the defendant go free because of the unlawfulness of the arrest, search, or interrogation." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1132 (9th Cir. 2006) (citing *Lopez-Mendoza*, 468 U.S. at 1039). While Petitioner relies on a case where release was ordered because no warrant was ever issued, the warrant for his arrest here was issued approximately two hours after his arrest. (Dkt. # 9 at 4 (citing C.*C. v. Warden of Golden State Annex Det. Facility*, 2026 WL 878601 (E.D. Cal. Mar. 31, 2026)); *see id.* at 5-6.) In any case, *Lopez-Mendoza* and *Garcia-Beltran* are controlling.

Petitioner argues that he is not challenging the legality of his arrest, but rather the legality of his custody because a "predicate" for his detention was obtaining a warrant. (Dkt. # 9 at 6; *see also id.* at 1 ("impetus" of detention was due process and statutory violations).) The Court discerns no material difference. Certainly, he would not be detained if he had not first been arrested. But Supreme Court and Ninth Circuit authority demonstrate that release from detention is not an available remedy in a habeas action even if the detention began with an unlawful arrest. The Court concludes that Petitioner has not established that the delayed arrest warrant entitles him to habeas relief.

In his petition, Petitioner briefly asserts that due process entitled him to notice and a hearing prior to detention because he had a protected liberty interest in continued freedom. (Dkt. # 1, ¶ 7 (citing *Fidel M.G. v. Warden*, 2026 WL 890564, at *2 (E.D. Cal. Apr. 1, 2026)).) To the extent Petitioner intended to assert a claim separate from the arrest warrant issue, he has not established that he is entitled to habeas relief.

Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319,

ORDER - 4

332 (1976). "[A] noncitizen released from custody pending immigration proceedings has a protected liberty interest in remaining out of custody." *Fidel M.G.*, 2026 WL 890564, at *2 (quoting *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025)). This is because the government's "release of [an] individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *See*, *e.g.*, *Calderon v. Kaiser*, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Here, however, Petitioner was not released from custody and accordingly did not acquire a protected liberty interest of this kind. The Court therefore concludes that Petitioner has not established a due process violation.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's petition for writ of habeas corpus (dkt. # 1).

Dated this 16th day of June, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5